[No. 1776, April 29, 1916.]
## RATON WATERWORKS v. CITY OF RATON.

### SYLLABUS BY THE COURT.

Held, that section 4490, Code 1915, does not authorize dismissal of case and affirmance of judgment because of defectively stated assignment of errors, but only where assignment of errors have not been filed on or before the return day.

Appeal from District Court, Colfax County; Leib, Judge.

Action between the Raton Waterworks Company and the City of Raton. From the judgment, the Company brings error, and the City moves to strike the judgment and affirm the assignments of error. Motion denied.

#### ON MOTION TO DISMISS.

H. L. BICKLEY of Raton and A. T. ROGERS, JR., of E. Las Vegas, for defendant in error.

The matters included within the assignments of error made by appellant were not saved by exception in trial court, hence appeal should be dismissed.

Wallis v. Mulligan, 148 Pac. 500.

Assignments of error partake of nature of pleading.

Farmers' Dev. Co. v. Rayado L. & Irr. Co., 133 Pac. 104; Territory v. Guillen, 11 N. M. 194.

Mere general objections or assignments of error will be disregarded by appellate court.

Territory v. Clark, 13 N. M. 59; Candelaria v. Fiera, 13 N. M. 360; Maxwell v. Tufts, 8 N. M. 396.

The errors must be separately stated.

Sec. 21, c. 57, L. 1907; Farmers' Dev. Co. v. Rayado L. & Irr. Co., 133 Pac. 104; Howey v. Gessler, 117 Pac. (N. M.) 734; Friday v. S. F. Cent. Ry. Co., 120 Pac. (N. M.) 316.

MORROW & ALFORD of Raton and JESSE G. NORTHCUTT of Trinidad, Colo., for plaintiff in error.

The motion to dismiss is filed under sec. 4490, Code 1915. That section clearly relates only to cases where no assignments of error have been filed, not where assignments have been filed which are supposed to be defectively stated.

### OPINION OF THE COURT.

PARKER, J.—The defendant in error has filed a motion to strike from the files the assignment of errors and to affirm the judgment of the trial court, on the ground that the errors assigned are, in some instances, multifarious, in others too general, and that all of them are defective, in that they seek to present to the court questions which cannot be reviewed here on account of the failure of plaintiff in error to properly preserve objections and exceptions in the trial court. The right to file such a motion and obtain the relief mentioned is based upon section 4490, Code 1915. That section substantially provides that assignment of errors shall be written on a separate paper, filed with the clerk of this court on or before the return day, and served on the adverse party. It also requires that each error relied upon shall be stated in a separate paragraph, and provides that:

"In default of such assignment of errors and filing the same, the appeal or writ of error may be dismissed and the judgment affirmed, unless good cause for failure is shown."

Plaintiff in error contends that the statute is applicable only in cases where there has been a failure to make and file the assignment of errors, while defendant in error insists that if the errors are defectively stated, the statute is applicable. The statute does not contemplate the dismissal of the case and affirmance of the judgment for defectively stated assignments. The statute does not mean that relief shall be granted in default of properly stated assignments, but in default of making any assignment of errors within the time required by law, and filing the

same as required by the act. This conclusion is strength-
ened by referring to the use of the word "failure" in the
latter part of the act, which word manifestly refers only
to making and filing the assignment of errors. The mo-
tion to strike from the files the assignment of errors and
to affirm the judgment is therefore denied; and it is so
ordered.

HANNA, J., and MECHEM, District Judge, concur.

---

[No. 1797, January 11, 1916.]
[On Motion for Rehearing, April 19, 1916.]
WILKERSON v. BADARACCO.

### SYLLABUS BY THE COURT.