[No. 3170.   March 2, 1928.]

THARP v. CITY OF CLOVIS.

[265 Pac. 717.]

Douglas K. Fitzhugh, of Clovis, for appellant.

Otto Smith, of Clovis, for appellee.

## OPINION OF THE COURT

BICKLEY, J. The appellee has filed exceptions to the assignment of errors by appellant, on the ground that the errors assigned are defective, and prays that the appeal be dismissed and the judgment of the district court affirmed. Upon the authority of Raton Water Works v. City of Raton, 21 N. M. 515 157 P. 656, the case may be dismissed and judgment affirmed only when there has been a failure to file assignment of errors, and not because of defectively stated assignments.

So the relief appellee prays for must be denied. Wether the assignment of errors are defective, and, if they are, what the consequences may be, we do not now decide. In a case where a similar attack was made on assignment of errors, the Minnesota Supreme Court said:

"In view of the importance and public character of the questions involved, and of the tendency of current practice to consider the merits of an appeal, and not to dispose of it on mere technicalities, we feel constrained to overrule the defendant's objection." Calderwood v. Jos. Schlitz Brewing Co., 107 Minn, 465, 121 N. W. 221, cited in 3 C. J. "Appeal and Error," § 1549.

That the question involved in this appeal is public in character is apparent. That the tendency of current practice is to liberalize the procedure is manifest from the fact that the rules of appellate procedure, effective March 1, 1928, dispense with assignment of errors entirely.

Furthermore, appellant's attack on the sufficiency of the assignment is based upon the contents of the record. It has been held that, where an assignment of errors does not satisfy the requirements of statutes or rule of court prescribing the form and contents of such assignment, it cannot be aided by reference to the record. See 3 C. J. "Appeal and Error," § 1550. By the same token, we should not ordinarily search the record in order to sustain an attack upon the sufficiency of the form of such assignment.

As to whether such assignment is sufficient to invoke a review of what was considered and decided by the trial

court, we reserve for decision when the cause is presented on the merits, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.